Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSÉ ANTONIO ALICEA CRUZ<br><br>Querellante Recurrido<br><br>v.<br><br>PUEBLO, INC.<br><br>Querellado Peticionario | TA2026CE00154 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>AG2023CV00308<br>Salón 602<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de marzo de 2026.

Comparece Pueblo, Inc. vía *certiorari* y solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, emitida el 29 de enero de 2026 y enmendada el 3 de febrero de 2026. Mediante el aludido dictamen, se resolvió sin lugar una *Moción de Sentencia Sumaria* de la parte peticionaria. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari*.

En síntesis, y dispuesto como hecho incontrovertido por el Tribunal recurrido y sin las partes oponerse, el 3 de agosto de 2007, Pueblo International, LLC solicitó que se le sometiera a un proceso de quiebra ante el Tribunal de Quiebras del Distrito de Delaware y, por efecto, cerró sus operaciones. Ante esto, el 20 de septiembre de 2007, PS Acquisition, Inc.—conocido hoy día como Pueblo, Inc.—adquirió

ciertos activos, entre los cuales estaban veintidós (22) centros de tiendas y distribución de Pueblo International. Evaluada la transacción, el 25 de septiembre de 2007 el Tribunal de Quiebras la aprobó mediante una *Orden*.

A consecuencia de lo ocurrido, el señor José Antonio Alicea Cruz, quien había estado trabajando para Pueblo International desde el año 1983, se quedó sin trabajo por aproximadamente un (1) mes después de Pueblo International cesar sus operaciones, hasta el 26 de octubre de 2007, cuando el recurrido comenzó a laborar nuevamente luego de solicitar empleo en PS Acquisition. Por los próximos catorce (14) años, el señor Alicea Cruz recibió cierta variedad de amonestaciones por conducta y lenguaje soez, más reparos con el cumplimiento de sus labores.

Luego, el 4 de marzo de 2022, el recurrido fue despedido y, en consecuencia, éste presentó contra Pueblo una querella y eventual querella enmendada por discrimen por edad y despido injustificado, al palio de la Ley Núm. 80 de 30 de mayo de 1976 (29 LPRA sec. 185a *et seq*.), la Ley Núm. 100 de 30 de junio de 1959 (29 LPRA sec. 146 *et seq*.) y la Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec. 3118 *et seq*.). El señor Alicea Cruz aseveró que era el empleado con mayor antigüedad y que al momento de su despido, no se le entregó documento alguno que acreditase las razones para su cesantía. En adición, adujo que cerca de la fecha de su despido se le realizaron cuestionamientos sobre su retiro. Por todo lo anterior, peticionó al Tribunal recurrido el pago de ciertas cantidades de dinero en concepto de los daños sufridos a raíz de su despido.

Así las cosas, el 14 de mayo de 2023, Pueblo respondió a la querella enmendada y solicitó desestimación, toda vez que la causa de acción presentada por el recurrido no exponía una reclamación que justificase la concesión de un remedio. Además, el peticionario aseveró que, basado en una investigación hecha para el marzo de 2022, despidieron justificadamente al señor Alicea Cruz por este haber sido, desde alrededor del 2010, objeto de numerosos señalamientos disciplinarios por su comportamiento inadecuado al utilizar lenguaje soez y despectivo hacia otros empleados, e incumplir con procedimientos relacionados a garantizar la calidad de los alimentos y productos, entre otras conductas lesivas. Luego de la parte recurrida oponerse a la solicitud de desestimación, el Tribunal de Primera Instancia declaró sin lugar la referida moción, toda vez que, de una interpretación liberal y favorable de las alegaciones esbozadas por el recurrido, surge que este pudiese tener derecho a una causa de acción de discrimen por edad y despido injustificado. Expresó que no le corresponde atender si, en efecto, el despido estuvo justificado a través de una moción de desestimación, ya que la controversia principal está sujeta a la presentación de evidencia.

Superados varios incidentes procesales, el 29 de septiembre de 2025, la parte peticionaria presentó una *Moción de Sentencia Sumaria* y alegó que el señor Alicea Cruz incurrió en violaciones a las normas de conducta de Pueblo, más que los asuntos en controversia eran aquellos sujetos a la interpretación de derecho. En su curiosa oposición, articulada más en lenguaje de inteligencia artificial que artesanal, el señor Alicea Cruz argumentó que aplica la doctrina del traspaso de un negocio en marcha, toda vez que éste aduce que trabajó para Pueblo

desde el 1983 y, por tanto, se le debe indemnizar por los treinta y ocho (38) años aproximados de labor.

Posterior a la oposición de la parte recurrida, el Tribunal impugnado resolvió sin lugar la moción de sentencia sumaria de la parte peticionaria y concluyó que aquellos hechos relativos al alcance, contexto y veracidad de determinadas amonestaciones, existencia de trato comparativo, la interpretación de expresiones en el ambiente laboral y la razonabilidad de las medidas disciplinarias adoptadas por la parte peticionaria se verían en juicio.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) determinar que existía controversia de hechos materiales sobre el historial de conducta previa del recurrido y no dar deferencia a la investigación realizada por Pueblo; (2) determinar que, para el cálculo de la mesada dispuesta por la Ley Núm. 80, procede que se consideren los años de servicio que el señor Alicea Cruz tuvo como empleado de otra compañía; (3) malinterpretar la transacción de activos ante el Tribunal de Quiebras; y (4) no desestimar con perjuicio la reclamación en su totalidad cuando nada en el récord justifica que las causas de acción del recurrido. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

Vale recordar que toda reclamación laboral contra un patrono se tramitará mediante el procedimiento sumario de la Ley Núm. 2, siempre y cuando se inste una querella por cualquier derecho, beneficio o suma por concepto de compensación por trabajo o labor realizados o cuando se haya despedido al obrero sin justa causa. Sec. 1 de la Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec. 3125). Por la revisión de

resoluciones interlocutorias ser contraria al carácter sumario del procedimiento laboral, se requiere que la parte que pretenda impugnar tales determinaciones en un procedimiento bajo la Ley Núm. 2 espere a que se dicte sentencia final en el caso para entonces presentar un recurso a base del error alegado. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021) (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999)). Como excepciones, son revisables por el foro apelativo aquellas determinaciones interlocutorias dictadas en un procedimiento laboral sumario cuando: (1) el foro primario haya actuado sin jurisdicción; (2) la revisión inmediata disponga del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Íd. (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*).

Ahora bien, el auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra*. Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Por otra parte, el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad

existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Además, la Ley Núm. 100 proscribe que todo patrono que despida a un empleado por razón de edad incurrirá en responsabilidad civil y, a discreción del Tribunal adjudicador, en un delito menos grave. Art. 1 de la Ley Núm. 100 de 30 de junio de 1959 (29 LPRA sec. 146). Existe una presunción controvertible de discrimen cuando el agraviado demuestre que fue despedido o penalizado, sin justa causa, y se encuentra dentro de una modalidad de discrimen, como en este caso, la edad. *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016). En reclamaciones por despido discriminatorio por razón de edad, el empleado tiene que demostrar que (1) pertenece a la clase protegida; (2) estaba cualificado para ejercer el puesto que ocupaba; (3) fue despedido sin justa causa; y (4) sustituido por una persona más joven. Íd.

Similarmente, la Ley Núm. 80 protege el derecho de los trabajadores ante acciones arbitrarias y caprichosas de los patronos. *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964 (2022). Dicha ley impone el pago de una indemnización—la conocida mesada—al patrono que sin justa causa despida a un empleado que es contratado por un periodo de tiempo indeterminado. Íd. (citando al Art. 2 de la Ley Núm. 80 de 30 de mayo de 1976 (29 LPRA sec. 185a)). Ante una acción por despido injustificado, surge una presunción de discrimen contra el patrono, quien tendrá el peso de la prueba para establecer que el despido estuvo justificado. *González Méndez v. Acción Social et al.*, *supra*,

(citando a *Díaz v. Wyndham Hotel Corp*., 155 DPR 364 (2001); *SLG Hernández-Beltrán v. TOLIC*, 151 DPR 754 (2000)). Más aun, aunque la Ley Núm. 80 no establece específicamente qué constituye un despido injustificado, sí menciona varias circunstancias que liberan el patrono de responsabilidad, tales como cuando, en lo pertinente, el empleado incurra (1) en un patrón de conducta impropia o desordenada; (2) en un patrón de desempeño deficiente, ineficiente, insatisfactorio, pobre, tardío o negligente; o (3) en violación reiterada de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento. Art. 2 de la Ley Núm. 80 de 30 de mayo de 1976 (29 LPRA sec. 185b).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al resolver sin lugar la moción de sentencia sumaria de la peticionaria. Del expediente no se desprende que estemos ante una controversia que conlleve falta de jurisdicción de parte del Tribunal recurrido, que la revisión inmediata disponga del caso por completo o que la revisión tenga el efecto de evitar una grave injusticia, según la Ley Núm. 2 y las excepciones jurisprudenciales en cuanto a la revisión de determinaciones interlocutorias. Esto es, todavía existe controversia sobre la razón por la cual el recurrido fue despedido, ya que la última misiva del Pueblo hacia el señor Alicea Cruz en cuanto a su conducta fue enviada en el 2021, mientras que éste fue despedido alrededor de un (1) año después. Por tanto, ante esto y la falta de algún riesgo de cometerse una injusticia grave contra el peticionario, el Tribunal recurrido deberá continuar con los trámites procesales.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones