ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LCDO. JOSEPH M. LÓPEZ BENABE, et. als.<br><br>Recurridos<br><br>V.<br><br>MUNICIPIO DE LUQUILLO, et. als.<br><br>Recurrentes | KLCE202300067 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: NSCI201600028<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Ronda Del Toro y la Juez Álvarez Esnard

**Ronda del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico a 28 de abril de 2023.

Comparece, el Municipio de Luquillo (en adelante Municipio o peticionario), quien presentó un recurso de *Certiorari* en el que nos solicita que revoquemos una Resolución que emitió el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante TPI), el 1 de noviembre de 2022.[1] Mediante el referido dictamen el foro primario declaró No Ha Lugar la solicitud del peticionario para que se desestime la demanda por falta de jurisdicción sobre la materia.

Por los fundamentos que expondremos a continuación *expedimos* el auto solicitado y *modificamos* la Resolución recurrida. Así modificada, se confirma.

### I.

El 20 de enero de 2016, el matrimonio compuesto por Lcdo. Joseph López Benabe y la Lcda. Dinorah I. Sánchez Rivera (en

---

[1] Notificada el 2 de noviembre de 2022.

Número Identificador

SEN2023 _____

conjunto parte recurrida) y la señora Jennie Erazo Rosario, presentaron una demanda contra el Municipio, entre otros codemandados, por daños y perjuicios, violación de derechos civiles, persecución política y represalias. Entre los codemandados, en su carácter personal se encontraba el alcalde del municipio y, a los empleados municipales: Keyla Centeno Avilés, Yarelix Pumarejo Torrens, Ruth E. López Delgado y Luis R. Rodríguez Charles. El Lcdo. López Benabe y la Lcda. Sánchez Rivera, alegaron que fueron empleados de carrera del Municipio hasta que el primero fue despedido ilegalmente el 15 de mayo de 2015 y la segunda fue objeto de un despido constructivo por represalias y discrimen político el 13 de agosto de 2015.

Luego de varios trámites procesales, los empleados municipales presentaron una moción solicitando la desestimación de la reclamación contra éstos en su carácter personal. Contando con las posiciones de las partes, el 20 de noviembre de 2018, el TPI dictó una sentencia parcial en la que declaró Ha Lugar la moción de los empleados municipales y desestimó la reclamación en su contra.[2] Los recurridos solicitaron la revisión de este dictamen mediante un recurso de *Certiorari.* Este recurso fue denegado por un panel hermano en el caso KLCE201900130.

Así las cosas, el 3 de marzo de 2021, el Municipio presentó tres mociones dispositivas, a saber: 1) Solicitud de desestimación de la demanda por el incumplimiento de todos los demandantes con el Art. 15.003 de la Ley de Municipios Autónomos; 2) Solicitud de desestimación de la demanda, en cuanto a Joseph López Benabe por falta de Jurisdicción sobre la materia (Jurisdicción Exclusiva de la CASP), y 3) Solicitud de desestimación de la

---

[2] La sentencia parcial fue enmendada Nunc Pro Tunc el 9 de enero de 2019.

demanda, en cuanto a Dinorah Sánchez Rivera por falta de Jurisdicción sobre la materia (Jurisdicción Exclusiva de la CASP).

En la primera de estas mociones, el Municipio solicitó la desestimación de la demanda en su contra alegando el incumplimiento con el requisito de notificación previa requerido el Art. 15.003 de la Ley de Municipios Autónomos. El 15 de junio de 2021, el Tribunal de Primera Instancia, en una resolución, declaró No Ha Lugar la solicitud de desestimación por incumplimiento con el requisito de notificación previa. Este dictamen fue sujeto a un recurso de *Certiorari,* presentado por el Municipio ante este Tribunal de Apelaciones. En la *Sentencia* del caso KLCE202200324, se expidió el recurso y se modificó la determinación del TPI. Mediante la aludida sentencia se desestimó la reclamación de la Sra. Erazo Rosario, pero se confirmó la determinación del TPI en cuanto a Lcdo. López Benabe y la Lcda. Sánchez Rivera.

Siendo ello así, el TPI continuó con los procedimientos en el caso y ordenó a las partes a expresarse respecto a las dos mociones dispositivas pendientes, identificadas en la página anterior. En síntesis, el Municipio argumentó que el TPI no tenía jurisdicción sobre la materia dado que la Comisión Apelativa para el Servicio Público (CASP) es la entidad con jurisdicción primaria exclusiva sobre las reclamaciones hechas en la demanda. Respecto a la Lcda. Sánchez Rivera, el Municipio planteó que debe desestimarse la acción porque ella nunca acudió a CASP. Por otro lado, el Municipio destacó que el Lcdo. López Benabe, quien reclamó ante CASP, presentó una Solicitud de Reconsideración ante la entidad el 11 de junio de 2015, y que ésta estaba pendiente de adjudicación. Por lo cual, el TPI estaba impedido de atender la reclamación hasta tanto CASP resolviera la solicitud.

Los recurrentes expresaron su oposición a la desestimación argumentando que la presente reclamación no se fundaba en la retención del empleo, o de asuntos en el cual la CASP tenía jurisdicción primaria exclusiva, sino en daños y perjuicios por violación a derechos civiles; la Constitución de Estados Unidos de América, la Constitución de Puerto Rico, la Ley de Derechos Civiles Federal, 42 USC sec. 1983; los artículos 1802 y 1803 del entonces vigente Código Civil de Puerto Rico (vigente en ese momento); la Ley Número 115 de 20 de diciembre de 1991, conocida como la Ley de Represalias, y el *Family and Medical Leave Act of 1993*, 29 USC secs. 2601-2654.

Así las cosas, el 1 de noviembre de 2022, el Tribunal emitió una *Resolución* resolviendo las dos mociones dispositivas. Luego de evaluar las solicitudes de desestimación del Municipio y la Demanda, tomando como cierto los hechos bien alegados y haciendo todas las inferencias permisibles a favor de los recurridos, el Tribunal de Instancia entendió que estaba ante el tipo de reclamación contemplada en *Colón Rivera et al. v. ELA,* 189 DPR 1033 (2013), por lo cual declaró No Ha Lugar las mociones presentadas por el municipio. Insatisfecho el Municipio presentó una moción de reconsideración, la cual fue declarada no ha lugar por el TPI el 22 de diciembre de 2022.

Por lo anterior, el Municipio presentó ante este Tribunal de Apelaciones el presente recurso de *Certiorari* el 23 de enero de 2013, en donde señaló los siguientes errores:

> Erró el TPI al evaluar la solicitud de desestimación por falta de jurisdicción sobre la materia bajo los parámetros aplicables a la Regla 10.2(5) de las de Procedimiento Civil, en lugar de aplicar la Regla 10.8 de las de Procedimiento Civil.

> Erro el TPI al denegar la desestimación de la demanda, en cuanto al Lcdo. Joseph M. López Benabe, debido a la jurisdicción exclusiva de la CASP, a la cual

este se sometió para, simultáneamente, acudir al foro judicial sin cumplir con el estándar establecido por el Tribunal Supremo para poder eludir el trámite administrativo por alegadas violaciones de derechos civiles.

Erro el TPI al denegar la desestimación de la demanda, en cuanto a la Lcda. Dinorah Sánchez Rivera, por falta de jurisdicción sobre la materia (jurisdicción exclusiva de la CASP), a pesar de haber incumplido con el estándar establecido por el Tribunal Supremo para eludir el trámite administrativo ante reclamos de alegada violación de derechos civiles.

Erró el TPI al denegar la solicitud de desestimación al amparo del caso de Colón Rivera vs. ELA, 189 DPR 1033 (2013), cuando éste solo provee para la desestimación de la demanda de autos.

## II.

### A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR _ (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, *supra,* pág. 338. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *800 Ponce de León v. AIG,* supra; *IG Builders v. BBVAPR*, supra, pág. 338.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece la autoridad limitada de este Tribunal para revisar las órdenes y las resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Esta, en lo pertinente, dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. [. . .]
32 LPRA Ap. V, R. 52.1

Con el fin de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte los siguientes criterios que debemos tomar en consideración al determinar si procede o no la expedición de un auto de Certiorari:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En nuestro ordenamiento jurídico impera la norma de que un Tribunal Apelativo sólo intervendrá contra las determinaciones interlocutorias discrecionales procesales del TPI cuando se demuestre que "hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).

**B.**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula el demandado para solicitar que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2.

En términos generales, al evaluar la concesión de una moción de desestimación, nuestro máximo foro ha establecido que las alegaciones deben ser interpretadas conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *González Méndez v. Acción Social*, 196 DPR 213, 234 (2016). Por otra parte, la demanda no debe desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Íd.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429.

Cuando se trata de un reclamo de derechos civiles realizado por un empleado público, la alegación de violación de derechos civiles requiere que al atender una moción solicitando la desestimación el Tribunal debe ser sumamente liberal y "únicamente procedería cuando de los hechos bien alegados no podía concederse remedio alguno a favor del demandante." Ver: *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013).

**C.**

Es norma reiterada que los asuntos relacionados con la jurisdicción del Tribunal son privilegiados y deben atenderse con prioridad. *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, el foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles*, supra; *Ruiz Camilo v. Trafon Group, Inc.*, supra. Se ha señalado que la:

> [La] ausencia de jurisdicción sobre la materia trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio". *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles*, supra; *Ruiz Camilo v. Trafon Group, Inc.*, supra. Así lo expone la Regla 10.8(c) de Procedimiento Civil, 32 LPRA, Ap. V, R.10.8, que establece:

> [. . .] (c) Siempre que surja, por indicación de las partes o de algún otro modo, que el tribunal carece de jurisdicción sobre la materia, éste desestimará el pleito.

Bajo esta disposición, se puede desestimar una reclamación por ser de jurisdicción exclusiva de una agencia administrativa o

de la esfera federal. Esto significa que al amparo de la Regla 10.8(c) los tribunales locales deben desestimar una acción civil cuando surge la falta de jurisdicción sobre la materia ante el foro aludido. González v. Mayagüez Resort & Casino, supra, a la pág. 855.

En lo pertinente, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, dispone sobre la moción de desestimación que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia [. . .]

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). Entre las defensas que pueden alegar, mediante moción fundamentada, está la falta de jurisdicción sobre la materia. 32 LPRA Ap. V. R. 10.2. Por tanto, esta regla permite a la parte demandada alegar que dado que no hay jurisdicción sobre la materia se vuelve improcedente la demanda incoada.

Al resolver una moción de desestimación bajo la Regla 10.2, *supra*, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas" y, "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429. Particularmente, una moción

al amparo de la Regla 10.2, *supra,* fundada en la falta de jurisdicción sobre la materia, "para desestimar un caso por falta de jurisdicción sobre la materia 'es necesario determinar si, tomando como cierto lo alegado por el demandante, el foro tiene jurisdicción para atender el reclamo'". *Colón Rivera et al. v. ELA*, supra, pág. 1049, citando a *Harguindey Ferrer v. U.I.*, 148 D.P.R. 13, 30 (1999).

**D.**

La Ley Núm. 184-2004 estableció la Comisión Apelativa del Sistema de Administración de Recursos Humanos (CASARH) como el organismo adjudicativo sustituto de la Junta de Apelaciones del Sistema de Administración de Personal y le confirió jurisdicción apelativa sobre todas las reclamaciones de los empleados públicos no organizados sindicalmente, las cuales se relacionan con el principio del mérito. *Colón Rivera et al. v. ELA*, *supra*, pág. 1050. Conforme a esta Ley, las acciones relacionadas al principio del mérito son: clasificación de puestos, reclutamiento y selección, ascensos, traslados y descensos, adiestramiento, y retención. *Id.,* pág. 1051.

Por virtud del Plan de Reorganización Núm. 2-2010, 3 LPRA Ap. XIII, conocido por el "Plan de Reorganización de la Comisión Apelativa del Servicio Público" [en adelante Plan de Reorganización] se fusionó la CASARH y la Comisión de Relaciones del Trabajo del Servicio Público, como la nueva CASP. Art. 1, Plan de Reorganización, *supra*. La CASP es un organismo cuasi judicial, especializado en asuntos obrero-patronales y del principio de mérito, en el que se atenderán casos laborales, de administración de recursos humanos y de querellas de los empleados públicos cubiertos por la Ley Núm. 45-1998, la Ley Núm. 184-2004, y los empleados municipales cubiertos por la Ley Núm. 81 de 30 de

agosto de 1991. *Hernández Feliciano v. Mun. de Quebradillas*, 2023 TSPR 6, pág. 13.

El Art. 8 del Plan de Reorganización, *supra,* establece que la CASP tendrá, entre otras, las siguientes facultades, funciones y deberes:

> [. . .]
> i) conceder los remedios que estime apropiados y emitir las órdenes que sean necesarias y convenientes conforme a las leyes aplicables. Esto incluye, entre otras, órdenes provisionales o permanentes de cesar y desistir; **órdenes para la reposición de empleados suspendidos o destituidos, con o sin el abono de la paga atrasada dejada de percibir** y la concesión de todos los beneficios marginales a los cuales los empleados hubiesen tenido derecho durante el período de suspensión o destitución; órdenes imponiendo sanciones económicas o procesales a agencias, funcionarios o representantes legales por incumplimiento o dilación de los procedimientos; y órdenes imponiendo sanciones a agencias, organizaciones sindicales o representantes exclusivos, incluyendo la descertificación de estos últimos; [. . .]
>  j) **conceder indemnizaciones por daños y perjuicios e imponer multas administrativas en todo tipo de discrimen que sea probado por los empleados que acuden ante este foro,** sin menoscabo de los derechos de los servidores públicos de recurrir al foro judicial para el reclamo de daños y perjuicios cuando no lo reclamen ante la Comisión; [. . .] (énfasis nuestro).

Por su parte, en el Art. 12 del Plan de Reorganización, *supra*, especificó cuál sería la jurisdicción apelativa de CASP. Dicho artículo expresa lo siguiente:

> La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:
>
> (a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de [. . .] la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como la "Ley de Municipios Autónomos", los reglamentos que se aprueben para instrumentar

dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable.

**E.**

La Ley 115-1991 conocida como "Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial" se aprobó con el fin de conferirle una herramienta a los trabajadores en contra de posibles actos de represalias por parte de los patronos, motivadas por el ofrecimiento de algún testimonio o alguna información ante ciertos foros. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 668-669 (2017); *Cordero Jiménez v. UPR*, 188 DPR 129, 135-136 (2013). El Art. 2 de la Ley de Represalias, 29 LPRA sec. 194a, prohíbe que un patrono, público o privado, despida, amenace, o discrimine contra un empleado porque el empleado ofrezca o intente ofrecer testimonio o información "ante un ante un foro legislativo, administrativo o judicial de Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley". Para hacer valer la antes mencionada prohibición el Art. 2, *supra*, también dispone que:

> (b) Cualquier persona que alegue una violación a las [29 LPRA secs. 194 et seq.] de este título podrá instar una **acción civil** en contra del patrono dentro de tres (3) años de la fecha en que ocurrió dicha violación y solicitar se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. La responsabilidad del patrono con relación a los daños y a los salarios dejados de devengar será el doble de la cuantía que se determine causó la violación a las disposiciones de dichas secciones. 29 LPRA sec. 194a (b).

La Ley Núm. 115, *supra*, crea una presunción *juris tantum* de violación a la misma a favor del querellante, al disponer que éste establece un caso prima facie una vez prueba que (1) participó en una actividad protegida y (2) que fue

subsiguientemente despedido, amenazado o discriminado en su contra en el empleo.  Ya el querellante habiendo establecido de forma prima facie su caso, el patrono deberá alegar y fundamentar que tuvo una razón legítima y no discriminatoria para el despido.  Ante esto, el empleado, aún puede prevalecer si prueba que la razón alegada por el patrono es un simple pretexto para el despido discriminatorio.  *Véase*, Art. 2, Ley 115-1991, *supra*; *Rivera Menéndez v. Action Services*, 185 DPR 431, 446 (2012).

## F.

La *Family and Medical Leave Act* (FMLA) es una legislación Federal que garantiza a todo empleado elegible el poder ausentase sin paga de su empleo por un periodo de 12 semanas en el término de 1 año, ante una enfermedad grave ("serious illness") que no le permita ejercer sus funciones.  Además, la ley le permite utilizar este permiso para el cuido de un familiar cercano que se encuentre enfermo, o por el nacimiento-o adopción- y cuido de un nuevo miembro de la familia.  29 USCA sec. 2612(a)(1); *SLG Pagán-Renta v. Walgreens*, 190 DPR 251, 255 (2014).  Por lo tanto, la FMLA le garantiza al empleado la retención de su empleo o posición equivalente mientras este se acoja al permiso provisto por ella.  Igualmente establece que durante ese periodo el patrono deberá proveerle al empleado el seguro médico que disfrutaba al momento en que se acogió a los beneficios de esta ley.  29 USC secs. 2614(a)(1) y 2614(c)(1).

El estatuto prohíbe que un patrono interfiera, restrinja o niegue a un empleado el ejercicio de los derechos que la FMLA le provee.  29 USC sec. 2615.  Es por ello, que el discutido estatuto dispone para el resarcimiento de los daños sufridos por el

empleado ante la violación de los derechos que la FMLA le provee. *SLG Pagán-Renta v. Walgreens*, supra, pág. 256; 29 USC sec. 2617. Tal reclamación se puede presentar ante cualquier tribunal federal o estatal de jurisdicción competente. 29 USC sec. 2617.

### III.

El primer señalamiento de error se enfocó en si el Tribunal de Primera Instancia realizó el análisis correcto al evaluar las mociones dispositivas que presentó el Municipio. Según el Municipio, el Tribunal *a quo* aplicó el estándar de evaluación aplicable a las mociones bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. Argumentó que ante un planteamiento de falta de jurisdicción sobre la materia el Tribunal de Primera Instancia no podía aceptar como ciertas las alegaciones de la Demanda para poder determinar si tenía jurisdicción. Argumentó que como la demanda no cumplía con lo establecido en *First Fed. Savs. v. Asoc. De Condómines*, supra*,* y conforme a la Regla 10.8 de Procedimiento Civil, *supra*, solo procedía desestimar la demanda. El Municipio, en ese análisis ignora lo resuelto en *Colón Rivera et al. v. ELA*, supra.

El referido error no se cometió. Nuestra jurisprudencia es clara en que "para desestimar un caso por falta de jurisdicción sobre la materia 'es necesario determinar si, tomando como cierto lo alegado por el demandante, el foro tiene jurisdicción para atender el reclamo'". *Colón Rivera et al. v. ELA*, supra, pág. 1049. Ahora, si de dicho examen surge que el tribunal carecía de jurisdicción sobre la materia, entonces solo procedía que este se declare sin jurisdicción y desestime el pleito, conforme a la Regla

10.8 (c) de Procedimiento Civil, *supra*. Luego de evaluar la resolución recurrida, el Tribunal de Instancia utilizó el análisis correcto para atender la moción, o sea el Tribunal tomó como cierto todos los hechos bien alegados para hacer su determinación de jurisdicción.

Los demás señalamientos de error en síntesis tratan sobre si la CASP tenía jurisdicción primaria exclusiva sobre la materia en la reclamación de los recurridos y de ser así si estos presentaron hechos suficientes para preterir del trámite administrativo, procedemos a resolverlos en conjunto.

El Municipio argumentó, en su segundo señalamiento de error, que el TPI erró al determinar que tenía jurisdicción para atender la reclamación del Lcdo. López Benabe porque éste presentó una reclamación ante CASP, la cual estaba pendiente de adjudicación. En cambio, en el tercer señalamiento de error, argumentó que la Lcda. Sánchez Rivera tampoco se podía presentar ante el Tribunal de Primera Instancia dado que ésta debía primero presentar su reclamación de despido constructivo ante la CASP, al insistir que era foro con jurisdicción primaria exclusiva sobre la materia. Por último, el Municipio argumentó que la parte recurrida no presentó hechos concretos que demuestren que una adjudicación de la CASP constituye una gestión inútil, inefectiva y que no ofrece un remedio adecuado o que ha de causar un daño irreparable e inminente, por lo que estos no podían evadir el trámite administrativo presentando una reclamación ante el foro judicial levantando cuestiones constitucionales, sobre alegado discrimen político y supuestas represalias.

Resolvemos que la reclamación de Lcdo. López Benabe en la CASP no constituye impedimento para presentar su reclamación ante el Tribunal de Primera Instancia, **dado que el proceso ante la agencia para todos los efectos ya culminó.** El Lcdo. López Benabe presentó una solicitud de apelación ante la CASP impugnado su despido por el Municipio. Según surge del expediente del recurso de *autos*, esta se presentó el 11 de junio de 2015,[3] a saber 27 días desde que fue notificado, el 15 de marzo de 2023, o sea, pocos días después de ser destituido de su puesto en el Municipio.[4]  La solicitud de apelación se amparó en la jurisdicción estatutaria de la agencia conferida en el Art. 12(a) Plan Reorganización de la CASP, *supra.*[5]  Así las cosas, el 13 de julio de 2015, la CASP emitió una *Notificación final de deficiencia y devolución de apelación por incumplimiento,* mediante la cual declaró la solicitud presentada por el Lcdo. López Benabe como no radicada.[6]  **El Lcdo. López Benabe presentó una solicitud de reconsideración ante CASP el 15 de julio de 2015, la cual no fue atendida por la agencia.[7]  Conforme al Art. 14 del Plan Reorganización de la CASP,** *supra***, la agencia tenía un término de 15 días para tomar alguna determinación con respecto a la reconsideración y de no hacerlo se entiende rechazada.**  Tomado en cuenta que la CASP no atendió la moción de reconsideración del Lcdo. López Benabe, resulta forzoso concluir que los procedimientos ante la CASP, por los hechos alegados en la demanda, hoy en día han concluido.  Además, indicamos, de que en cuanto al Lcdo. López Benabe los procedimientos ante CASP serían una gestión, inútil e inefectiva,

---

[3] *Véase* la pág. 174 del Apéndice del Recurso.
[4] Véase las págs. 7 y 174 del Apéndice del Recurso.
[5] Véase la pág. 171 del Apéndice del Recurso.
[6] Véase las págs. 255-256 del Apéndice del Recurso.
[7] Véase las págs. 257-258 del Apéndice del Recurso.

ya que surgía del expediente con suficiente claridad que la gestión ante la entidad administrativa ha estado en suspenso desde el 2015. Ver: *Guadalupe v. Saldaña, Pres. U.P.R.*, 133 DPR 42 (1993).

En cuanto a la reclamación de la Lcda. Sánchez Rivera, que se trata de una empleada pública del Municipio de Luquillo que alega múltiples violaciones a sus derechos civiles por parte de dicha entidad gubernamental, también actuó correctamente el TPI. La recurrida no acudió a la CASP. La apelante alega que se le violentaron derechos constitucionales y esa alegación de reclamo constitucional elude el cauce administrativo.

La CASP también está facultada para conceder indemnizaciones por daños y perjuicios e imponer multas administrativas en todo tipo de discrimen que sea probado por los empleados que acuden ante este foro,[8] en estas circunstancias y tomando como ciertas las alegaciones correctamente formuladas sobre violaciones a sus derechos constitucionales, se justificaba preterir el trámite administrativo y la recurrida podía recurrir directamente al TPI, como hizo.

Reconocemos que la Ley de Represalias contempla la presentación de una acción civil en contra del patrono ante el TPI. Con esa alegación formulada en su demanda, se releva a la parte recurrente de tener que acudir a la CASP, para dilucidar la controversia sobre si hubo un despido constructivo. Ver *Colón Rivera et al. v. ELA*, supra, pág. 1049.

En vista de lo anterior, concluimos que el Tribunal de Primera Instancia no erró al no desestimar las reclamaciones ante

---

[8] Art. 8 del Plan de Reorganización, *supra*.

su consideración. Esa decisión fue una correcta. Por tanto, procede confirmar al TPI en su Resolución denegando la reclamación del Municipio para desestimar ambos reclamos. Procede confirmar en todas sus partes la Resolución emitida por el foro primario y confirmar los procedimientos.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, *expedimos* el auto de *Certiorari* y *confirmamos* la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Fajardo y ordenamos la continuación de los procedimientos a la luz de lo aquí resuelto.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones