Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| HILTON GARCÍA AGUIRRE<br><br>Demandante-Apelado<br><br>v.<br><br>AUGUSTO CÉSAR GARCÍA AGUIRRE Y OTROS<br><br>Demandados-Apelados<br><br>**EVA AGUIRRE SOSA**<br><br>Demandada-Apelante | KLAN202400272 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2023CV01234 (602)<br><br>Sobre:<br>División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de mayo de 2024.

Comparece la señora Eva Aguirre Sosa (señora Aguirre Sosa o apelante), mediante recurso de *Apelación* y nos solicita la revocación de la *Sentencia Parcial* emitida el 1 de marzo de 2024, notificada el 4 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante el referido dictamen, el foro primario desestimó la *Reconvención y Demanda de Terceros Enmendada* presentada por la señora Aguirre Sosa.

Por los fundamentos que exponemos a continuación, **revocamos** la *Sentencia Parcial* apelada.

**I.**

El 6 de agosto de 2023, el señor Hilton J. García Aguirre (apelado) presentó una *Demanda*[1] sobre división o liquidación de la comunidad de bienes hereditarios contra el señor Augusto C. García Aguirre y la señora Aguirre Sosa. Alegó que desde el 1978 pertenece

---
[1] Apéndice del recurso, págs. 1-11.

Número Identificador
SEN2024_____

a la sucesión intestada e indivisa del causante Benedicto García Pérez (causante), la cual está compuesta por la señora Aguirre Sosa, el señor Augusto C. García Aguirre y el apelado. Añadió que existen tres (3) bienes inmuebles que alega forman parte del caudal hereditario y sobre los cuales existe controversia.

En cuanto al primer bien inmueble, descrito como un solar sito en la calle Stahl de Aguadilla, Puerto Rico, con una cabida superficial equivalente a ciento ochenta y nueve punto cuarenta y dos metros cuadrados (189.42 m.c.), el apelado adujo que, entre el 2009 y el 2010, con el consentimiento de los demandados, realizó construcciones, remodelaciones y mejoras sustanciales a la propiedad, por lo que solicitó al TPI la retención, uso y disfrute de lo edificado hasta que se le indemnice el valor de las obras realizadas.

Con relación al segundo bien inmueble, el cual ubica en el solar identificado con el número treinta y ocho (#38) de la segunda sección de la Urbanización La Alambra, en el Barrio Camaseyes de Aguadilla, Puerto Rico, con una cabida de cuatrocientos setenta y ocho punto cuarenta y tres metros cuadrados (478.43 m.c.), el apelado arguyó que fue vendido el 15 de julio de 2020 por la suma de $95,000.000. Sin embargo, indicó que no ha recibido la cantidad de $23,750.00, que corresponde a su participación en la referida venta, los cuales reclamó.

En cuanto al tercer bien inmueble, solar número treinta (30) de la Calle A de la Urbanización Marbella con una cabida superficial de trescientos treinta y uno punto veinticinco metros cuadrados (331.25 m.c.), el apelado afirmó que fue adquirido con dinero de la sucesión de Benedicto García Pérez, la cual aún no se ha liquidado. Alegó, además, que la apelante le vendió esa propiedad al codemandado señor Augusto C. García Aguirre por la cantidad de $150,000.00. El apelado adujo que la escritura de compraventa de la

propiedad antes mencionada es nula por tener una causa falsa, por lo que solicitó que se devolviera la propiedad al caudal hereditario.

En respuesta, el 2 de noviembre de 2023, la señora Aguirre Sosa y el señor Augusto C. García Aguirre presentaron *Contestación a la Demanda, Reconvención y Demanda de Terceros*[2]. En la contestación a demanda, negaron la mayoría de las alegaciones y presentaron varias defensas afirmativas.

Además, la señora Aguirre Sosa y el señor Augusto C. García Aguirre presentaron reconvención contra el señor Hilton J. García Aguirre y demanda de terceros contra Casa de Playa, Inc. y García & García Law Firm, PSC. En esencia, adujeron que desde el 2008 el apelado ha estado en posesión del solar sito en la calle Stahl de Aguadilla, Puerto Rico, con una cabida superficial equivalente a ciento ochenta y nueve punto cuarenta y dos metros cuadrados (189.42 m.c.). Añadieron que, el apelado y/o Casa de Playa, Inc. han explotado comercialmente la referida propiedad, aun cuando esta pertenece a las partes en común proindiviso. Alegaron que dicho negocio de alquiler de la propiedad ha producido un ingreso neto total de $1,832,667.00 los cuales han sido cobrados y recibidos por el apelado y/o Casa de Playa, Inc.

Por otro lado, esbozaron que la señora Aguirre Sosa es dueña de la propiedad localizada en la Carretera 107, KM 3.2, Bo. Camaseyes, Aguadilla, Puerto Rico. Sin embargo, alegan que desde el 1993 el apelado y/o Casa de Playa, Inc. y/o García & García Law Firm PSC, han estado en posesión y disfrute de dicha propiedad, sin pagar canon ni merced alguna. Por tanto, adujeron que, en concepto del uso y disfrute de la propiedad por los últimos cuarenta y ocho (48) meses, el apelado y/o Casa de Playa, Inc. y/o García & García Law Firm PSC, deben a la señora Aguirre Sosa la suma de

---

[2] Apéndice del recurso, págs. 12-22.

$180,000.00 con sus intereses al tipo de 7.5% anual contados desde la fecha de vencimiento de cada cuota, cuya suma continúa aumentando a razón de $3,500.00 mensuales.

Por último, la señora Aguirre Sosa y el señor Augusto C. García Aguirre solicitaron la desestimación de la *Demanda*. Además, peticionaron que se le impusiera al señor Hilton J. García Aguirre y a Casa de Playa, Inc., solidariamente, el pago de las costas y honorarios de abogados.

Luego de múltiples trámites procesales, el 25 de enero de 2024, el señor Hilton J. García García presentó una *Demanda Enmendada*[3] a los fines de incluir un Estado de Cuenta del Centro de Recaudación de Ingresos Municipales (CRIM). En esta misma fecha, el apelado presentó una *Moción en Solicitud de Desestimación al Amparo Regla 10.2 de Procedimiento Civil*[4]. En esencia, solicitó la desestimación de la *Demanda de Terceros* instada por la señora Aguirre Sosa y el señor Augusto C. García Aguirre bajo el planteamiento de falta de jurisdicción y ausencia de una causa de acción que justifique la concesión de un remedio. Dicha moción, fue acompañada con la Escritura Número Dieciséis (16) sobre Compraventa fechada 12 de julio de 2013 ante el notario José Ángel Vega Valentín y la Escritura Número Veintinueve (29) de Subsanación fechada 1 de septiembre de 2023 por el mismo notario[5].

Posteriormente, el 3 de febrero de 2024, la señora Aguirre Sosa y el señor Augusto C. García Aguirre presentaron *Contestación a la Demanda Enmendada, Reconvención y Demanda de Terceros*, en la que reiteraron los planteamientos expuestos. Mientras que, el 9 de febrero de 2024, la señora Aguirre Sosa sometió su *Oposición a Solicitud de Desestimación*[6], en la que arguyó que no procede la

---

[3] Apéndice del recurso, págs. 27-36.
[4] Apéndice del recurso, págs. 53-65.
[5] Apéndice del *Alegato de la Parte Recurrida*, págs. 15-22.
[6] Apéndice del recurso, págs. 66-69.

moción de desestimación hasta tanto se complete el descubrimiento de prueba.

El 11 de febrero de 2024, la señora Aguirre Sosa presentó *Reconvención y Demanda de Terceros Enmendada*[7]. En su escrito, adujo que la Escritura Número Dieciséis (16) sobre Compraventa es nula por alegadamente no haber comparecido al otorgamiento de dicha escritura. Además, reiteró su reclamo contra el apelado, Casa de Playa, Inc. y García & García Law Firm, PSC, solidariamente por la suma de $247,500.00 con sus intereses al tipo de 7.5% anual contados desde la fecha de vencimiento de cada cuota, por concepto del uso y disfrute de la propiedad localizada en la Carretera 107, KM 3.2, Bo. Camaseyes, Aguadilla, Puerto Rico.

Por su parte, el 12 de febrero de 2024, García & García Law Firm, PSC, presentó *Moción Solicitando Desestimación a Enmienda de Reconvención*[8]. Primero, adujo que desde noviembre de 2023, las alegaciones que la apelante pretende enmendar fueron objeto de una alegación responsiva, por lo que requería autorización del TPI para enmendar las mismas. Segundo, sostuvo que la *Reconvención y Demanda de Terceros Enmendada* no era permisible, por incluir nuevas causas de acción y alterar sustancialmente la naturaleza del pleito.

En esta misma fecha, el TPI emitió y notificó *Resolución*[9], mediante la cual autorizó la *Reconvención y Demanda de Terceros Enmendada.*

Así las cosas, el 1 de marzo de 2024, notificada el 4 de marzo de 2024, el TPI emitió *Sentencia Parcial*, en la que desestimó la *Demanda de Terceros* presentada por la señora Aguirre Sosa contra García & García Law Firm, PSC. Además, desestimó la *Reconvención*

---

[7] Apéndice del recurso, págs. 70-73.
[8] Apéndice del *Alegato de la Parte Recurrida*, págs. 23-28.
[9] Véase Entrada Núm. 162 del SUMAC.

*y Demanda de Terceros Enmendada* instada por la señora Aguirre Sosa.

Inconforme, el 20 de marzo de 2024, la señora Aguirre Sosa acudió ante nos mediante el recurso de epígrafe, en el que incluyó el siguiente señalamiento de error:

> De una lectura de lo alegado en la Reconvención y Demanda De Tercero desestimada se desprende claramente que lo allí alegado es constitutivo de causa de acción por lo qué la sentencia dictada desestimando dicha alegación es claramente errónea y de debe ser revocada. [sic]

El 5 de abril de 2024, García & García Law Firm, PSC, presentó una *Moción de Desestimación por Falta de Jurisdicción y Solicitud de Paralización*, la cual fue declarada *No Ha Lugar* mediante *Resolución* emitida el 5 de abril de 2024. Luego, el 15 de abril de 2024, García & García Law Firm, PSC, compareció mediante escrito intitulado *Alegato de la Parte Recurrida.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[10], "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra"[11]. La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable[12].

[10] 32 LPRA Ap. V, R. 10.2.
[11] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[12] *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016).

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra*, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[13]. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante"[14]. Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'"[15]. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada"[16].

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'"[17]. Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de su análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[18].

---

[13] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428.

[14] *Íd.,* pág. 429.

[15] *Colón Rivera v. Secretario, et al*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.

[16] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429.

[17] *Íd.*, pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

[18] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.

**III.**

En su recurso, la señora Aguirre Sosa arguye que incidió el TPI al desestimar la *Demanda de Terceros*. Cuestiona dicho proceder amparada en que debe concluir el descubrimiento de prueba para así el foro primario entrar en los méritos de la *Moción en Solicitud de Desestimación al Amparo Regla 10.2 de Procedimiento Civil* presentada por el apelado. Además, la apelante solicita que la Escritura Número Dieciséis (16) sobre Compraventa, otorgada el 12 de julio de 2013, ante el notario José Ángel Vega Valentín, se decrete nula.

Por su parte, García & García Law Firm, PSC, se expresa conforme con la desestimación decretada por el foro primario. Sostiene que la apelante, al enmendar la reconvención, añadió a su reclamación de cobro de rentas una solicitud de declaración de nulidad de la Escritura Número Dieciséis (16) sobre Compraventa, lo cual considera no es una reconvención permisible ni compulsoria. Asimismo, arguye que la apelante vendió hace más de seis (6) años la propiedad sobre la cual reclama rentas. Por último, razonó que la apelante no cumple con el criterio de plausibilidad establecido en nuestro ordenamiento jurídico y aduce que sus alegaciones no fueron suficientes para establecer que tiene un remedio disponible.

En vista de lo anterior, nos corresponde dirimir si actuó correctamente el TPI al desestimar la *Reconvención y Demanda de Terceros Enmendada* presentada por la señora Aguirre Sosa. Evaluados los argumentos de las partes, ante la totalidad del expediente y la doctrina vigente, concluimos que la desestimación de la reclamación no es el curso adecuado a seguir. Veamos.

Conforme a la normativa precitada, ante la moción de desestimación que presentó el apelado, el TPI venía obligado a tomar como ciertos los hechos bien alegados en la *Reconvención y Demanda de Terceros Enmendada*, así como a descartar aquellas

interpretaciones o conclusiones de derecho incluidas por la apelante. Así, debía analizar si de la *Reconvención y Demanda de Terceros Enmendada* se desprendían los elementos constitutivos de la causa de acción. Un estudio pormenorizado de las alegaciones allí contenidas revela que la reclamación de la apelante cumple con el criterio de plausibilidad que prevalece en nuestro ordenamiento jurídico.

Indudablemente, las alegaciones que pretende incoar la apelante no son especulativas. La apelante expuso alegaciones y hechos suficientes con adecuada especificidad de los cuales se desprenden las bases fácticas en las que apoya su planteamiento. Es decir, presenta alegaciones que, en estos momentos, pudiesen demostrar que tiene un reclamo que justifica la concesión de un remedio. Ante ello, la conclusión es que el error señalado fue cometido.

## IV.

Por los fundamentos que anteceden, **revocamos** el dictamen apelado. En consecuencia, devolvemos el caso al TPI para la continuación de los procedimientos conforme lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones