Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| HÉCTOR XAVIER COLÓN CORREA Y OTROS<br><br>Apelante<br><br>v.<br><br>CARLOS RUBÉN ORTIZ DE JESÚS Y OTROS<br><br>Apelado | TA2026AP00288 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GM2025CV00621<br><br>Sobre: Incumplimiento de Acuerdos; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de abril de 2026.

Comparece Héctor Xavier Colón Correa, Flor Amada León Burgos y la sociedad legal de gananciales compuesta por ambos (en adelante, parte apelante) mediante un recurso de apelación, para solicitarnos la revisión de la *Sentencia* emitida el 12 de febrero de 2026, y notificada el 17 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Guayama.[1] Mediante la *Sentencia* apelada, el tribunal de instancia declaró *Ha Lugar* una solicitud de desestimación, por lo que ordenó la desestimación del caso del título, con perjuicio, y concedió costas y gastos a favor de la parte aquí apelada.

Por los fundamentos que expondremos, se *revoca* la *Sentencia* apelada.

I

El caso de marras inició, el 24 de julio de 2025, cuando la parte apelante presentó una *Demanda* sobre incumplimiento de

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 16.

contrato y daños y perjuicios contra Carlos Rubén Ortiz De Jesús (señor Ortiz De Jesús), Jane Doe, y la sociedad legal de gananciales compuesta por ambos (en adelante, parte apelada).[2]. En el pliego, alegó haber sido dueño de un equipo de peceras, motores y otros bienes muebles que se encontraban en una propiedad inmueble sita en el municipio de Guayama, Puerto Rico. Indicó que, cuando situó los referidos bienes en dicha propiedad, la misma pertenecía a la señora Denise Zoe Cora Correa (señora Cora Correa), no obstante, luego, esta le vendió la misma a la parte apelada. Subrayó que, alrededor del mes de mayo de 2024, sostuvo una comunicación telefónica con el señor Ortiz De Jesús, en la cual acordaron que buscaría un lugar en el cual pudiera guardar sus bienes muebles, y así recoger y retirar los mismos de la propiedad en cuestión. Según alegó la parte apelante, el día 26 de julio de 2024, se comunicó por mensaje de texto con el señor Ortiz De Jesús para indicarle que había cumplido con encontrar un lugar en el cual podía guardar los bienes muebles, con la intención de irlos a recoger y removerlos de su propiedad. En respuesta, el señor Ortiz De Jesús le informó que había dispuesto de los mismos.

En consideración a lo anterior, la parte apelante arguyó en su *Demanda* que los actos del señor Ortiz De Jesús constituyeron una violación a los acuerdos alcanzados mediante llamada telefónica, así como un acto antijurídico que le causó daños y perjuicios. A tenor, solicitó que se condenara a la parte apelada a reponerle los bienes muebles que fueron dispuestos o, en su defecto, que le entregara bienes de igual o mejor calidad, más los daños sufridos por razón del incumpliendo contractual perpetrado.

En reacción, el 3 de diciembre de 2025, el señor Ortiz De Jesús presentó *Contestación a Demanda*.[3] En esta, aceptó parte de

---

[2] SUMAC TPI, a la Entrada Núm. 1.
[3] *Íd.*, a la Entrada Núm. 8.

alegaciones y negó otras. En lo pertinente, aceptó que se comunicó con la parte apelante para que removiera de la propiedad cualesquiera bienes que entendiera que le pertenecía, sin embargo, negó que existió un acuerdo sobre el recogido de las pertenencias. De otra parte, aceptó que dispuso de los bienes de la parte apelante.

En esa misma fecha, la parte apelada también interpuso una *Moción en solicitud de desestimación*.[4] Esbozó que la reclamación de la parte apelante no justificaba la concesión de un remedio, así como que dejaba de acumular una parte indispensable. Específicamente, planteó que no acordó en ningún momento cuidar de los bienes de la parte apelante, por lo que no ostentaba responsabilidad alguna sobre cualquier pérdida o daños que hubiese sufrido la referida parte. De otro lado, acotó que la vendedora de la propiedad inmueble en cuestión, la señora Cora Correa, era parte indispensable en este caso, ya que se desconocía si entre esta y la parte apelante había un acuerdo para cuidar y velar por los mencionados bienes inmuebles, y, si era así, esta era la llamada a responder por los presuntos daños sufridos. Peticionó que se desestimara la *Demanda*, así como que se le impusiera a la parte apelante honorarios abogado y costas, por la temeridad y frivolidad de verse en la obligación de defenderse de una causa de acción que no tenía mérito. En respuesta, mediante *Orden* emitida y notificada el 4 de diciembre de 2025, el foro *a quo* concedió veinte (20) días para replicar.[5]

Así las cosas, el 7 de enero de 2026, la parte apelante presentó su *Oposición a moción en solicitud de desestimación*.[6] Arguyó, respecto al argumento de que no tenía derecho a ningún remedio, que de la *Demanda* se desprendía que su reclamación estaba basada en un acuerdo y en su incumplimiento. En consideración a lo anterior, acotó que el tribunal de instancia debía recibir prueba en

---

[4] SUMAC TPI, a la Entrada Núm. 9.
[5] *Íd.*, a la Entrada Núm. 11.
[6] *Íd.*, a la Entrada Núm. 12.

relación con la existencia del contrato y de su incumplimiento, para determinar si, en efecto, procedía el resarcimiento de los daños reclamados. En cuanto al argumento de que la señora Cora Correa era una parte indispensable en este caso, planteó que la falta de presencia de esta en el pleito no impedía al Tribunal a emitir una determinación respecto al acuerdo habido entre las partes del título. Por lo anterior, razonó que la señora Cora Correa no era indispensable en este caso. A tenor, solicitó que se declara sin lugar la desestimación peticionada y, en consecuencia, ordenara el comienzo del descubrimiento de prueba e impusiera una suma de honorarios de abogado a su favor.

En reacción, el mismo 7 de enero de 2026, la parte apelada instó una réplica,[7] y al día siguiente, la parte apelante presentó una dúplica.[8] Esta última, no fue aceptada, conforme surge de una *Orden* emitida el 16 de enero de 2026, notificada el 20 de enero de 2026.[9]

De ahí, el 12 de febrero de 2026, notificada el 17 del mismo mes y año, el foro de instancia emitió la *Sentencia* objeto de este recurso de apelación.[10] Mediante su dictamen, el tribunal *a quo* declaró *Ha Lugar* la solicitud de desestimación interpuesta por la parte apelada y desestimó la demanda de autos. En su dictamen, el foro *a quo* concluyó que en la demanda incoada había falta de parte indispensable, así como que se dejó de exponer una reclamación de justificar la concesión de un remedio. Particularmente, determinó que la comunicación entre las partes no constituyó un acuerdo propiamente, ya que no existió objeto, consentimiento ni causa. Asimismo, concluyó que a quien la parte apelante le había dejado sus bienes, era indispensable en este caso. Esto, dado a que no

---

[7] SUMAC TPI, a la Entrada Núm. 13.
[8] *Íd.*, a la Entrada Núm. 14.
[9] *Íd.*, a la Entrada Núm. 15.
[10] *Íd.*, a la Entrada Núm.16.

existía una relación común entre la señora Cora Correa, la parte apelante y la apelada, por lo que sin su presencia no se podía adjudicar la controversia. Por otro lado, el foro primario dispuso que la desestimación ordenada sería con perjuicio, así como que concedió costas y gastos por la suma de $1,500.00 dólares a favor de la parte apelada.

En desacuerdo, el 4 de marzo de 2026, la parte apelante interpuso una *Moción en solicitud de reconsideración de sentencia*,[11] la cual fue denegada mediante *Orden* emitida y notificada el 6 de marzo de 2026.[12]

Inconforme aún, el 19 de marzo de 2026, compareció la parte apelante mediante un recurso de *apelación* en el cual esbozó los siguientes dos (2) señalamientos de error:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL PLEITO MEDIANTE UNA ADJUDICACIÓN DE HECHOS EN CONTROVERSIA, ESPECÍFICAMENTE SOBRE LA EXISTENCIA DEL CONTRATO Y SIN LA CELEBRACIÓN DE UNA VISTA EVIDENCIARIA, PRIVANDO A LA PARTE DE SU DÍA EN CORTE.
>
> SEGUNDO ERROR: INCURRIÓ EN ERROR DE DERECHO EL FORO PRIMARIO AL REALIZAR DETERMINACIONES DE CREDIBILIDAD Y ADJUDICAR HECHOS SUSTANTIVOS PARA RESOLVER UNA MOCIÓN DE DESESTIMACIÓN, SIN PERMITIR EL DESCUBRIMIENTO DE PRUEBA NI HABER CELEBRADO UNA VISTA EN SU FONDO PARA RECIBIR PRUEBA TESTIMONIAL Y DOCUMENTAL.

Por su parte, el 19 de abril de 2026, compareció la parte apelada mediante *Oposición a apelación*. Con el beneficio de la comparecencia de ambas partes, procederemos a disponer del presente recurso.

## II

### A. La Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[13] La moción de

---

[11] SUMAC TPI, a la Entrada Núm. 17.
[12] *Íd.,* a la Entrada Núm. 18.
[13] 32 LPRA Ap. V, R. 10.2.

desestimación al amparo de esta regla es una defensa especial que formula el demandado para solicitar que se desestime la demanda presentada en su contra, incluso sin necesidad de formular una alegación previa.[14] En específico, la regla establece que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>
> (1) falta de jurisdicción sobre la materia;
>
> (2) falta de jurisdicción sobre la persona;
>
> (3) insuficiencia del emplazamiento;
>
> (4) insuficiencia del diligenciamiento del emplazamiento;
>
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
>
> (6) dejar de acumular una parte indispensable.[15]

Al atender a una moción de desestimación fundamentada en que la reclamación no justifica la concesión de un remedio, el juzgador de instancia deberá tomar por cierto todos los hechos bien alegados en la demanda, así como aquellos que hayan sido aseverados de manera clara, concluyente y que de su faz no den margen a dudas.[16] A su vez, deberá interpretar las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante, para así determinar si la misma es suficiente para constituir una reclamación válida.[17] Ello, puesto a que, en nuestro ordenamiento jurídico, se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos.[18] A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los

---

[14] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

[15] Regla 10. 2 de Procedimiento Civil, *supra.*

[16] *González Méndez v. Acción Social et al,* 196 DPR 213, 234 (2016); *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

[17] *Torres, Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 505 (1994).

[18] *González Méndez v. Acción Social et al.,* supra*,* a la pág. 235.

tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito, o que la parte demandante no tiene derecho a obtener algún remedio.[19] Además, nuestro Tribunal Supremo ha sido enfático en que la desestimación no procede si la reclamación es susceptible de ser enmendada.[20]

### B. La Desestimación con Perjuicio

En nuestro ordenamiento jurídico se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos.[21] A esos efectos, los tribunales deben optar por desestimar un pleito con perjuicio excepcionalmente y en casos extremos.[22] Ello, puesto a que la aludida sanción es la más drástica que puede imponer un tribunal, toda vez que tiene el efecto de una adjudicación en los méritos, y, por ende, cosa juzgada.[23] De manera que, la misma, usualmente, se reserva para sancionar la dejadez e inactividad de un litigante.[24]

Por otra parte, cabe señalar que, cuando un tribunal desestima un pleito, tiene la discreción para determinar que esta será sin perjuicio. De este modo, se posibilita una posterior presentación de la misma reclamación. Ahora bien, si el juzgador no especifica el efecto de la desestimación, generalmente, se entenderá que es con perjuicio.[25]

### C. La Falta de Parte Indispensable

Sabido es que se considera parte indispensable aquella que tenga un interés común, "sin cuya presencia no pueda adjudicarse

---

[19] *González Méndez v. Acción Social et al.,* supra, a la pág. 235.
[20] *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008); *Colón v. Lotería,* supra, a la pág. 649; *Clemente v. Depto. de la Vivienda,* 114 DPR 763, 771 (1993).
[21] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 264 (2021); *Mejías v. Carrasquillo,* 185 DPR 288, 298 (2012).
[22] *VS PR, LLC v. Drift-Wind,* supra, a la pág. 264; *Banco Popular v. SLG Negrón,* 164 DPR 855, 864 (2005).
[23] *VS PR, LLC v. Drift-Wind,* supra, a las págs. 272-273; *Banco Popular v. SLG Negrón,* supra, a la pág. 864.
[24] *VS PR, LLC v. Drift-Wind,* supra, a las págs. 272-273.
[25] *VS PR, LLC v. Drift-Wind,* supra, a las págs. 272-273.

la controversia".[26] Entiéndase que, esta es una parte de la cual no se puede prescindir, y cuyo interés en el asunto es de tal magnitud que no puede dictarse un decreto final sin lesionar y afectar sustancialmente sus derechos, o sin permitir que la controversia quede, en tal estado, que su determinación final sea inconsistente con la equidad.[27] Así, pues, para que una parte sea indispensable, será necesario que su interés sea real e inmediato. De manera que su interés en el pleito no puede ser una mera especulación o un interés futuro.[28]

En mérito de lo anterior, resulta importante determinar si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente.[29] Por ello, si la persona que se considera parte indispensable no está presente en el litigio, se trasgrede su debido proceso de ley. [30] A tenor, nuestro Alto Foro ha expresado que "lo verdaderamente trascendental es que la ausencia de parte indispensable priva de jurisdicción al tribunal.[31] Conforme a ello, la sentencia que se emita en ausencia de parte indispensable es nula.[32]

Acorde con lo antes expuesto, la omisión o no acumulación de partes indispensables constituye una defensa para la parte contra quien se reclama y puede ser fundamento para una moción de desestimación.[33] Por otro lado, es menester subrayar que, de tal arraigo es el interés de proteger a las partes indispensables que la no inclusión en el pleito de una parte indispensable constituye una

---

[26] Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1.
[27] *FCPR v. ELA et al.*, 211 DPR 521, 531 (2023), citando a *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014); *García Colón et al. v. Sucn. González*, 178 DPR 527, 548 (2010).
[28] *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007).
[29] *Romero v. S.L.G. Reyes*, 164 DPR 721, 733 (2005).
[30] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479 (2019).
[31] *FCPR v. ELA et al.*, supra, a la pág. 532; *García Colón et al. v. Sucn. González*, supra, a la pág. 550.
[32] *Íd.*
[33] Regla 10. 2(6) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

defensa irrenunciable, la cual puede presentarse en cualquier momento durante el proceso.[34]

Ahora bien, lo anterior no constituye un impedimento para que el Tribunal conceda oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando pueda adquirir jurisdicción sobre esta.[35]

### III

En el presente recurso, la parte apelante, mediante sus dos (2) señalamientos de error, esencialmente, plantea que el tribunal de instancia incidió al desestimar el pleito y adjudicar hechos, sin antes permitir el descubrimiento de prueba o celebrar una vista en su fondo para recibir prueba testimonial y/o documental. Por estar íntimamente relacionados, discutiremos ambos errores en conjunto.

Según relatamos previamente, el tribunal de instancia desestimó este pleito luego de que determinó que la comunicación entre las partes no constituyó propiamente un acuerdo, ya que no existió objeto, consentimiento ni causa. De manera que la *Demanda* no exponía una reclamación que justificara la concesión de un remedio. Por otra parte, razonó que sin la presencia de la señora Cora Correa no se podía adjudicar la controversia.

Es norma harta conocida que la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil es una defensa especial que se puede presentar cuando, entre otras cosas, la demanda deja de exponer una reclamación que justifique la concesión de un remedio.[36] Presentada esta moción, el juzgador debe tomar por cierto todos los hechos bien alegados en la demanda, así como los que han sido planteados de manera clara y que no den

---

[34] *Pérez Rosa v. Morales Rosado,* supra, a la pág. 223.
[35] *Mun. De San Juan v. Bosque Real S.E.*, 158 DPR 743, 757 (2003); *Sánchez v. Sánchez*, 154 DPR 645, 679 (2001).
[36] 32 LPRA Ap. V, R. 10.2.

margen a dudas.[37] Igualmente, este deberá interpretar las alegaciones de la demanda de manera conjunta y de la forma más liberal posible para la parte demandante.[38]

Es importante reseñar que la desestimación de la demanda solo debe proceder cuando, sin ambigüedad, el Tribunal determine que la demanda carece de todo mérito y que el demandante no tiene derecho a ningún remedio.[39] Por otra parte, se ha entendido que la desestimación no procede si la reclamación es susceptible de ser enmendada.[40]

En este caso el tribunal de instancia se enfrentó a dos posturas. Por un lado, la parte apelante alegó que entre las partes se había configurado un acuerdo verbal, mediante llamada telefónica, el cual fue infringido por la parte apelada, causándole daños y perjuicios. Mientras que la parte apelada, aunque aceptó que hubo una comunicación telefónica entre las partes y que dispuso de los bienes muebles de la parte apelante, la cual es la principal razón por la cual esta última alegó haber sufrido daños, negó que entre ellas se haya configurado un acuerdo. Conviene mencionar, que este caso se encontraba en sus inicios, de modo que aún no había iniciado el descubrimiento de prueba. A tenor, coincidimos en que el foro primario no estaba en posición para adjudicar credibilidad y mucho menos para determinar hechos. Como bien expuso la parte apelada en su escrito de oposición a la desestimación, lo que procedía era que tribunal recibiera prueba para determinar si en efecto se configuró un acuerdo entre las partes, y si fue infringido por la parte apelada. Solo de esta manera

---

[37] *González Méndez v. Acción Social et al*, supra, a la pág. 234; *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Colón v. Lotería*, supra, a la pág. 649.
[38] *Torres, Torres v. Torres et al.*, supra, a la pág. 501; *Pressure Vessels PR v. Empire Gas PR*, supra, a la pág. 505.
[39] *González Méndez v. Acción Social et al.*, supra, a la pág. 235.
[40] *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 429 (2008); *Colón v. Lotería*, supra, a la pág. 649; *Clemente v. Depto. de la Vivienda*, supra, a la pág. 771.

el tribunal de instancia podía concluir si la reclamación que nos ocupa ameritaba la concesión de un remedio.

En cuanto a la determinación de que la señora Cora Correa era parte indispensable en este caso, es menester recalcar que una parte indispensable es aquella de la cual no se puede prescindir, y cuyo interés en el asunto es de tal magnitud que no puede dictarse un decreto final sin lesionar y afectar sustancialmente sus derechos, o sin permitir que la controversia quede, en tal estado, que su determinación final sea inconsistente con la equidad.[41] Ahora bien, el interés de la parte en el pleito debe ser real e inmediato.[42] Es decir, su interés no puede ser una mera especulación.[43] Lo importante a determinar por el juzgador de hechos es si puede hacerse justicia y conceder un remedio final sin afectar los intereses del ausente.[44] Pese a que la falta de parte indispensable puede ser fundamento para una moción de desestimación, nada impide que el tribunal conceda oportunidad para traer al pleito a la parte omitida, siempre y cuando que se pueda adquirir jurisdicción sobre ella.[45]

Tras evaluar minuciosamente lo autos ante nuestra consideración, colegimos que de ninguna manera la parta apelada demostró como la señora Cora Correa era una parte indispensable en el pleito. De sus argumentos, no se desprende como se afectarían los intereses de la señora Cora Correa al estar ausente en el pleito o cómo se impediría que la decisión final en el caso fuera inconsistente con la equidad. Puntualizamos que, de la demanda y su contestación, no se desprenden alegaciones en contra de la señora Cora Correa. Por otro lado, es menester reseñar que, al presente, el

---

[41] *FCPR v. ELA et al.*, supra, a la pág. 531, citando a *Cirino González v. Adm. Corrección et al.*, supra, a la pág.46; *García Colón et al. v. Sucn. González*, supra, a la pág. 548.

[42] *Pérez Rosa v. Morales Rosado*, supra, a la pág. 223.

[43] *Íd.*

[44] *Romero v. S.L.G. Reyes*, supra, a la pág. 733.

[45] *Mun. De San Juan v. Bosque Real S.E.*, supra, a la pág. 757; *Sánchez v. Sánchez*, supra, a la pág. 679.

único vínculo de la señora Cora Correa en el caso era que le vendió una propiedad a la parte apelada.

Pese a que la parte apelada alegó en su moción de desestimación que se desconocía si entre esta y la parte apelante había un acuerdo para cuidar de los bienes inmuebles en cuestión, por el cual esta tuviese que responder por los daños sufridos por la referida parte, esto es una mera especulación. Según adelantamos, el interés de una parte en un pleito debe ser real e inmediato para que esta sea considerada una parte indispensable.

Por todo lo anterior, juzgamos que los errores esgrimidos en este recurso se cometieron. Siendo así, concluimos que no procedía la desestimación con perjuicio de la controversia de título. Menos aun cuando una desestimación con perjuicio se reserva para casos extremos,[46] ya que se sabe que es la medida más drástica que puede imponer un tribunal, por constituir una adjudicación en los méritos.[47]

En consideración a lo anterior, nos es forzoso revocar la Sentencia ante nuestra consideración, así como ordenar a que se inicie cuanto antes el descubrimiento de prueba en este caso.

IV

Por los fundamentos que anteceden, se *revoca* la *Sentencia* apelada. Asimismo, ordenamos a que se inicie, sin mayores dilaciones, el descubrimiento de prueba.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[46] *VS PR, LLC v. Drift-Wind,* supra*,* a la pág. 264; *Banco Popular v. SLG Negrón,* 164 DPR 855, 864 (2005).
[47] *VS PR, LLC v. Drift-Wind,* supra*,* a las págs. 272-273; *Banco Popular v. SLG Negrón,* supra*,* a la pág. 864.